**FRIGIDAIRE DIVISION OF GENERAL MOTORS CORPORATION, Appellant,**

v.

**Forest Aden VIARS, Appellee.**

**No. 14185.**

United States Court of Appeals
Sixth Circuit.

Dec. 19, 1960.

Clifford R. Curtner and William H. Selva, Dayton, Ohio, for appellant.

Curtner, Brenton & Selva, Dayton, Ohio, on the brief.

James C. Baggott, Dayton, Ohio, for appellee.

Kenneth Agee, Columbus, Ohio, on the brief.

Before McALLISTER, Chief Judge, and MARTIN and WEICK, Circuit Judges.

ORDER.

The above cause came on for hearing on the record, the briefs of the parties and the argument of counsel in open court. Appellant contends that there was no substantial evidence from which the jury could reasonably find that appellant was guilty of negligence and that its negligence was the sole, direct and proximate cause of the collision causing appellee's injuries. Upon review of the record, we are of the opinion that there was substantial evidence from which the jury could find that appellee's negligence was the sole, direct, and proximate cause of the injuries suffered.

We are, further, of the view that there was no reversible error on the part of the trial court in its rulings upon the admissibility or inadmissibility of evidence, or in refusing to submit to the jury certain requested instructions and interrogatories. It appears that after appellee's attending physician testified in the case, appellant's counsel attempted to impeach him by introducing in evidence certain letters written by him subsequent to the injuries and prior to the trial. These letters were concerned with the injuries which appellee had suffered, and their results. Copies of these letters had been previously delivered to appellant's counsel by appellee's counsel, during negotiations before trial. The trial court ruled that the letters were inadmissible on the ground that they were privileged communications by the physician to appellee's counsel. Under the circumstances, and in view of the physician's testimony in the case on the same matters to the same effect as the statements contained in the letters, they could not be excluded on the ground that they were privileged communications. Nevertheless, the only purpose of their introduction in evidence could be to impeach the testimony of the physician. Since he had

already testified to the same matter, and to the same effect, as he had set forth in the letters which he had written to appellee's counsel, such letters did not impeach his testimony. They, therefore, could not be introduced for the purpose of impeachment. The trial court's ruling on the exclusion of the letters as privileged communications was, accordingly, harmless error.

We find no error on the part of the trial court in denying appellee's motion for judgment non obstante veredicto or for a new trial on the ground of excessive damages.

The judgment of the District Court is affirmed.